**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HUNTSMAN CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| INTERNATIONAL RISK INSURANCE | § | CIVIL ACTION NO. H-08-1542 |
| COMPANY, | § | |
| | § | |
| Defendant/Third-Party Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| ACE AMERICAN INSURANCE | § | |
| COMPANY, *et al.*, | § | |
| | § | |
| Third-Party Defendants. | § | |

**MEMORANDUM OPINION ON DISMISSAL WITH PREJUDICE**

Plaintiff Huntsman Corporation ("Huntsman"), Defendant/Third-Party Plaintiff International Risk Insurance Company ("IRIC"), and served Third-Party Defendants Ace American Insurance Company, AIG Casualty Company f/k/a Birmingham Fire Insurance Company of Pennsylvania, Allianz Global Risks US Insurance Company, Arch Reinsurance Company of Nebraska, and Zurich American Insurance Company, have entered into a joint stipulation agreeing to the dismissal with prejudice of the above-captioned action. The stipulation specifies that the agreed dismissal is to allow the resolution of the disputes between most of the third-party defendants and Huntsman in mediation or arbitration, under the Settlement Agreement and Arbitration Submission Agreement dated December 29, 2008 ("Settlement Agreement") (attached as Exhibit A to the parties' joint

stipulation).[1]

The court has advised the parties of its concern that ordering dismissal with prejudice may be confusing because the dismissal is not a decision on the merits. The reinsurers do not agree to an order of dismissal without prejudice, explaining that dismissal of this action with prejudice was a material part of the consideration for the Settlement Agreement between the parties, although they agree that the dismissal is to allow arbitration or mediation.

There is authority supporting dismissal of an action with prejudice to allow arbitration of the claims raised. *See, e.g.*, *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("Because it determined that all of Alford's claims were subject to arbitration, the district court acted within its discretion when it dismissed this case with prejudice."); *Shanks v. Swift Transp. Co.*, No. L-07-55, 2008 WL 2513056, at *12 (S.D. Tex. June 19, 2008) (noting that where all issues in the case are submitted to arbitration, "a court may dismiss the action with prejudice, as 'retaining jurisdiction and staying the action will serve no purpose'") (quoting *Alford*, 975 F.3d at 1164); *Templeton v. Kellogg Brown & Root*, No. 2:06-CV-464, 2007 WL 2667983, at *4 (E.D. Tex. Sept. 6, 2007) ("Because this claim is fully arbitrable . . . , dismissing this action with prejudice is the more appropriate course.") (footnote omitted); *see also Agrolinz, Inc. v. Micro Flo Co.*, 202 F.3d 858, 861–62 (6th Cir. 2000) (holding that a consent decree dismissing state court class action with prejudice pursuant to the parties' stipulation did not preclude arbitration between the defendants because applicable state law disregarded the words "with prejudice" in a stipulation of dismissal when there was no adjudication of the substantive issues and looked to the parties' intent to

---

[1] The Settlement Agreement specifies that third-party defendant Swiss Reinsurance Company will not be a party in the mediation or arbitration.

determine whether a consent decree was preclusive, and the parties were aware at the time of dismissal that arbitration was contemplated).

The case law, however, is not clear or conclusive. Some of the cases cited above do not substantively evaluate the effect of a dismissal with prejudice. For example, in *Alford*, *Shanks*, and *Templeton*, the courts examined the propriety of dismissing an action, as opposed to entering a stay, after finding that the disputes were arbitrable, but those cases did not discuss the effect of a dismissal with prejudice in later arbitration. Other courts insist on a dismissal without prejudice to permit parties to pursue arbitration rather than litigation. *See, e.g.*, *Lee v. Coca-Cola Enters., Inc.*, No. 07-1425, 2008 WL 920742, at *4 (W.D. La. Mar. 4, 2008) (the parties agreed to dismissal with prejudice to proceed to arbitration; the court noted "that a dismissal with prejudice could provide . . . a res judicata defense that would bar Plaintiff from obtaining relief through arbitration or otherwise" and concluded that "[t]he better course [was] to dismiss [the] civil action without prejudice to the right of Plaintiff to pursue his claims in arbitration."); *see also* 18A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 4435 (2d ed. 2002).

The facts that there is case law within this circuit approving a dismissal with prejudice to allow for arbitration; the parties have agreed to a dismissal with prejudice; and the dismissal order identifies the parties' intent to proceed to arbitration, lead this court to conclude that it is appropriate to dismiss this action with prejudice to allow certain parties to arbitrate their disputes, as requested

in the joint stipulation.

    SIGNED on February 19, 2009, at Houston, Texas.

                                                        Lee H. Rosenthal